UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
DONOVAN JAMES,

                     Plaintiff,

       -against-

CITY OF NEWBURGH; Police Officer ROBERT BREAULT, and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
----------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

6. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff Donovan James ("plaintiff") is a resident of Orange County in the State of New York.

9. Defendant City of Newburgh is a municipal corporation organized under the laws of the State of New York. It operates the Newburgh Police Department ("NPD"), a department or agency of defendant City of Newburgh responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. Defendant Police Officer Robert Breault ("Breault") at all times relevant herein, was an officer, employee and agents of the NPD. Defendants Breault is sued in his individual capacity.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. On January 1, 2021, at approximately 5:03 a.m. plaintiff was lawfully in the vicinity of Third Street and Lander Street, Newburgh, NY.

15. Plaintiff saw police activity near his family home. Believing his mother might be having an issue, plaintiff approached his home.

16. As he walked towards his home, he saw a family friend being questioned by defendants.

17. Plaintiff told the friend, in sum and substance, that the friend was not obligated to speak with the officers.

18. As plaintiff continued walking towards his family home, he was grabbed by defendants, including Breault, and placed in handcuffs.

19. Plaintiff objected to his seizure. Ultimately, as plaintiff had committed no crime, the handcuffs were removed from plaintiff's wrists.

20. When plaintiff continued to verbally complain about his treatment,

Breault punched him in the face.

21. Plaintiff was once again cuffed. Despite the fact that they had no probable cause to believe that he had any crimes or offenses, the defendants placed plaintiff under arrest.

22. The defendant, including Breault, falsely informed employees of the Orange County District Attorney's Office that they had observed plaintiff commit various crimes/offenses.

23. At no point did the officers observe plaintiff commit any crimes or offenses.

24. Plaintiff was taken to the precinct and given a Desk Appearance Ticket. Plaintiff, shaken up from his encounter with the officers and the violent act of Breault, was taken to Saint Lukes Hospital in Newburgh.

25. Plaintiff appeared in court numerous times on the charges. Ultimately, after a bench trial, all charges against plaintiff were dismissed.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

**FIRST CLAIM**
**Unlawful Stop and Search**

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### SECOND CLAIM
**False Arrest**

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Malicious Prosecution**

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his

constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

36. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The individual defendants created false evidence against Plaintiff.

39. The individual defendants forwarded false evidence to prosecutors in the Orange County District Attorney's office.

40. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's

constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse of Process

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The individual defendants issued legal process to place Plaintiff under arrest.

44. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

45. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

46. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### First Amendment Retaliation

47.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.     By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

49.     As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

50.     As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SEVENTH CLAIM
### Failure To Intervene

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### State Law False Imprisonment and False Arrest

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

57. Plaintiff was conscious of his confinement.

58. Plaintiff did not consent to his confinement.

59. Plaintiff's confinement was not otherwise privileged.

60. Defendant City of Newburgh, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

61. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## NINTH CLAIM
### State Law Malicious Prosecution

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

64. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

65. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

66. All charges were terminated in plaintiff's favor.

67. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of Newburgh,

as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

68. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## TENTH CLAIM
### Unreasonable Force

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

71. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### State Law Assault and Battery

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

74. Defendant City of Newburgh, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

75. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## TWELFTH CLAIM
## Negligent Hiring/Training/Retention/Supervision of Employment Services

76. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

77. Defendant City, through the NPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

78. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

79. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

80. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

81. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged. es each and every allegation as if fully set forth herein.

82. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

83. Plaintiff was conscious of his confinement.

84. Plaintiff did not consent to his confinement.

85. Plaintiff's confinement was not otherwise privileged.

86. Defendant City of Newburgh, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

87. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   March 31, 2022
         New York, New York

                              /s
                              Robert Marinelli
                              305 Broadway, 7th Floor
                              New York, New York 10007
                              (212) 822-1427
                              robmarinelli@gmail.com
                              *Attorney for plaintiff*